**CV12    2931**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SUMMONS ISSUED**

----------------------------------------------------------------X

LOUISE THOMAS, Legal Guardian for MARY A. HIGHTOWER,

Case No.

**VITALIANO, J.**

        Plaintiff

**GO, M.J.**

Judge:

-against-

**COMPLAINT**

RAY ALFRED JONES, MIKO N. SIMMONS,
  a/k/a MIKO JONES, CITIBANK & CITIBANK, N.A.,
      Defendants

**JURY TRIAL
DEMANDED**

----------------------------------------------------------------X

Plaintiff LOUISE THOMAS, Legal Guardian for MARY A. HIGHTOWER, by and

through her attorney, O. BENJAMIN OKEKE, ESQ. for her complaint, alleges upon information

and belief as follows:

## JURISDICTION AND VENUE

1. Plaintiff invoke the jurisdiction of this Court pursuant to 28 U.S.C.§1332, which confers

   original jurisdiction upon this Court in a civil action where the matter in controversy

   exceeds the sum or value of $75,000, exclusive of interest and costs, and there is

   complete diversity of citizenship between the plaintiff and the defendants.

2. This Court has pendant and ancillary jurisdiction over all causes of action alleged herein.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) inasmuch as the defendants,

   RAY ALFRED JONES and MIKO N. SIMMONS, a/k/a MIKO JONES resides in this

   District and the substantial parts or events or omissions giving rise to the claim occurred

   in this District.

## **PARTIES**

4. Plaintiff Louise Thomas, (hereinafter "Louise") is a natural person who resides at 11471 Folkstone drive, Cincinnati, Ohio 45240.

5. Louise was appointed legal guardian for Mary A. Hightower by Honorable James Cissell, Judge, Probate Court of Hamilton County, Ohio by an order dated November 16, 2011, and ever since has been, and is at this time duly qualified guardian for Mary A. Hightower.

6. Defendant Ray Alfred Jones (hereinafter "Ray") is a natural person who resides at 631 Macon Street, Brooklyn, New York 11233, Kings County.

7. Ray is also an attorney, admitted to practice law in the State of New York with his office located at 1142 Dean Street, Brooklyn, New York 11216.

8. Defendant Miko N. Simmons, a/k/a Miko Jones (hereinafter "Miko") is a natural person who resides at 631 Macon Street, Brooklyn, New York 11233, Kings County.

9. Defendant Miko is the wife/spouse of the defendant Ray.

10. Defendant Citibank (hereinafter "Citi") is a Delaware corporation with its principal place of business in New York, New York.

11. Defendant Citibank, N.A. (hereinafter "Citi NA") is a national banking association, a Delaware corporation with its principal place of business in New York, New York.

12. Citi NA is also a wholly owned subsidiary of Citibank.

13. Citi NA in the ordinary course of its business offer broad array of financial products and services to consumers, small businesses and commercial clients.

2

14. Citi NA in the ordinary course of its business operates savings and checking accounts amongst other services for its customers in New York.

15. Mary A. Hightower maintained combined savings and checking account number 54947064 with Citi NA.

## **FACTUAL BACKGROUND**

16. Mary A. Hightower and her deceased husband, Roy Hightower (prior to his death) owned and resided at the real property located at 1140 Dean Street, Brooklyn, New York.

17. 1140 Dean Street is a nine (9) family dwelling.

18. The couple were senior citizens suffering from various age related ailments.

19. Consequently between 2009-2011 Mary Hightower and Roy Hightower trusted and relied on the advice and opinion of the defendant Ray as the attorney/fiduciary for the family.

20. Mary Hightower's spouse Roy Hightower died on or about August 4, 2011.

21. Prior to his death, Roy Hightower was confined to nursing home for a considerable amount of time.

22. Sometime in October or November 2010 the defendant Ray, falsely, and fraudulently represented to Mary Hightower and Roy Hightower that he would help them manage and repair the property as well as help them pay all their bills.

23. Mary Hightower and Roy Hightower relying on these representations and induced by them agreed to allow the defendant Ray to manage, repair and pay all bills on their said property.

24. In reliance on the foregoing representations and induced by them Roy Hightower executed a power of attorney giving Ray authority to take care of the affairs of Roy Hightower.

3

25. The alleged power of attorney was obtained by Ray through false pretenses, deceit and fraud.

26. That Ray obtained the said power of attorney from Roy Hightower when in fact Roy's wife, Mary Hightower was alive.

27. That upon obtaining the said power of attorney Ray effectively took control and possession of Roy Hightower's personal properties including his bank accounts.

28. Roy Hightower had maintained an account alone and/or jointly with the defendant Ray at Signature Bank under account number 1501481978.

29. Roy Hightower and the defendant Ray also maintained other joint bank accounts namely with Citibank and Carver Federal Savings.

30. On or about November 1, 2010 the defendant Ray wrote a letter to all the tenants of Mary/Roy Hightower at 1140 Dean Street, Brooklyn, New York 11216 informing them that he has been retained to manage the premises by Roy Hightower and Mary Hightower.

31. In the said letter the defendant Ray requested the tenants to pay all rents as of November 1, 2010 to him at his office located at 1142 Dean Street, Brooklyn, New York 11216.

32. In reliance on the said letter all the tenants at the property starting paying all their rents to the defendant Ray starting from November 1, 2010.

33. Mary A. Hightower had a Retirement Account Number 5K0-24814 with Merrill Edge, a subsidiary of Bank of America Corporation.

34. On December 31, 2010 the said retirement account that Mary Hightower had with Merrill Edge had a balance of $132,948.50

4

35. On or about January 2011 the defendant Ray effective a change on the address for Mary Hightower on the Merrill Edge retirement account.

36. The defendant Ray changed or lured Mary Hightower to change the address on the said retirement account from 1140 Dean Street, Brooklyn, New York to 1142 Dean Street, Brooklyn, New York (Ray's house and office).

37. The defendant Ray had transferred the ownership of 1142 Dean Street, Brooklyn, New York from himself to his wife/spouse, Miko N. Simmons, a/k/a Miko Jones on January 20, 2005.

38. The said transfer from the defendant Ray to his wife, Miko was without any consideration and was instead a cover up.

39. After the said transfer, the defendant Ray continued to maintain control and operation of the property.

40. The defendant Ray also continued to operate his law practice from the same address.

41. On or about February 27, 2011 the defendant Ray falsely and fraudulently represented to Mary Hightower that he would help her manage her affairs including her bank accounts.

42. The defendant Ray falsely and fraudulently represented to Mary Hightower that he would use some of her funds to renovate the building, pay her bills amongst other of her responsibilities.

43. Mary Hightower, relying on these representations and induced by them executed a power of attorney to the defendant, Ray.

44. Immediately thereafter, the defendant Ray forwarded a copy of said Mary Hightower's power of attorney to Merrill Edge, the retirement account holder for Mary Hightower.

5

45. On February 28, 2011 the defendant Ray withdrew or lured Mary Hightower to withdraw from her retirement account with Merrill Edge the sum of $32,000.00.

46. The said amount was given to the defendant Ray.

47. Having obtained the power of attorney from Mary Hightower, the defendant Ray proceeded to effect a wire transfer of the sum of $25,000.00 from Mary Hightower's retirement account with Merrill Edge on March 24, 2010.

48. The said amount of $25,000.00 was transferred to bank account owned by defendant Ray alone or jointly with Roy Hightower

49. Ray proceeded to use the said sum of money for his own and/or family benefits.

50. Furthermore, Ray effected another wire transfer of $22,500.00 from said Mary Hightower's retirement account with Merrill Edge on March 29, 2010.

51. The said amount was wired into the bank account owned by Ray alone and/or with Roy Hightower with Signature Bank.

52. The defendant used the said sum of money for his own and/or family benefits.

53. Additional wire transfers were made by Ray from Mary Hightower's retirement account as follows:

   (a) $22,500.00 on April 20, 2010;

   (b) $20,000.00 on May 18, 2010;

   (c) $20,000.00 on June 22, 2010;

   (d) $20,000.00 on July 27, 2010

54. These sums of money were wired into Ray's account at Signature Bank and used for his own and/or family benefits.

55. As a result of the pre-mature withdrawals of the above sums of money from Mary Hightower's retirement account, the Internal Revenue Service and Merrill Edge imposed tax and/or penalties in the amount of $17,402.22.

56. Furthermore, additional sums of moneys were transferred, wired and/or withdrawn by the defendant Ray from Mary Hightower's checking and savings account with Citi NA.

57. They include but not limited to:

   (a) $25,000.00 on November 15, 2010;

   (b) $36,176.55 on April 7, 2011;

   (c) $7,000.00 on May 11, 2011;

   (d) $7,000.00 on July 28, 2011;

   (e) $1,854.74 on December 5, 2011

58. The said withdrawals, transfers, etc. from Mary Hightower's checking and savings account with Citi NA were used by the defendant Ray for his own and/or family benefits.

59. The representations by Ray to Mary Hightower and Roy Hightower to the effect that he would use their funds to repair their property, pay their bills amongst their other responsibilities were false and were known by the defendant to be false when he made them because he knew at the time that he would use the funds for his own and/or family.

60. The defendant Ray proceeded to use the funds belonging to Mary and Roy Hightower amongst other things to renovate his house located at 1142 Dean Street, Brooklyn, New York.

61. Ray's representations were made with intent to deceive and defraud Mary Hightower and Roy Hightower of their properties.

62. After obtaining possession of the funds lawfully belonging to Mary and Roy Hightower unlawfully converted and disposed of the funds to his own use by immediately using the funds to renovate his own property located at 1142 Dean Street, Brooklyn, New York (though the property is in his wife's name Miko).

63. Even though Ray wired, withdrew and/or transferred the above mentioned funds from Mary Hightower's retirement account to his own account he failed to utilize them to repair the house as he promised Mary and Roy Hightower.

64. He also failed to pay Mary and Roy Hightower's bills and other expenses as he promised.

65. Additionally, Ray failed to utilize the rents received from Mary Hightower's tenants to pay her bills or repair her property.

66. Instead he used the funds to repair his property (albeit in the wife's name Miko) and/or converted them to his own and/or family use.

67. That Miko was the actual and/or intended beneficiary of Ray's unlawful acts.

68. The said properties belonging to Mary and Roy Hightower lawfully belong to Louise, the plaintiff herein.

**AS AND FOR FIRST CAUSE OF ACTION AGAINST RAY ALFRED JONES
AND MIKO N. SIMMONS**

69. Plaintiff realleges every allegations in the paragraphs 1through 68 as if fully set forth herein.

70. Between November 2010 and November 2011 the defendant, Ray informed the tenants of Roy and Mary Hightower that he was collecting rent for the property on behalf of the owners.

71. The defendant, Ray promised to utilize the said rent to repair the property, pay all bills owed by Roy and Mary Hightower.

72. The defendant, Ray, also promised to pay the balance of the funds to Roy and Mary Hightower.

73. The defendant, Ray never utilized the collected rents to repair the property nor to pay the bills owed by Roy and Mary Hightower.

74. Furthermore, the defendant, Ray never turned over to Roy or Mary Hightower any rent collected from the tenants of the property.

75. The defendant, Ray instead used the funds to repair his property located at 1142 Dean Street, Brooklyn, New York.

76. Using the said rent collected by Ray to repair his property benefited himself and his wife, Miko Simmons.

77. Therefore, Ray fraudulently withheld and continues to fraudulently withhold from the plaintiff the rent that the defendant, Ray collected from the nine tenants at the property owned by Roy and Mary Hightower.

78. As a result of defendants conduct, the plaintiff has been damaged to the extent that defendants has asserted dominion over and converted to their own use and benefit monies that are the property of plaintiff.

79. By reason of the foregoing, the plaintiff is entitled to an order for damages against the defendants Ray and his wife, Miko N. Simmons in the amount of $150,000.00

## AS AND FOR SECOND CAUSE OF ACTION AGAINST RAY ALFRED JONES AND MIKO N. SIMMONS

80. Plaintiff realleges every allegations in the paragraphs 1 through 79 as if fully set forth herein.

81. The defendant Ray has withheld relevant records pertaining to his collection of rent from Roy and Mary Hightower's property.

9

82. The defendant Ray is the sole person in possession of the relevant records pertaining to the collection of said rent from Roy and Mary Hightower's tenants.

83. By reason of the foregoing, the plaintiff is entitled to an order directing the defendant Ray to produce an accounting of all accounts, income and expenditures for 1140 Dean Street, Brooklyn, New York 11216

## AS AND FOR THIRD CAUSE OF ACTION AGAINST RAY ALFRED JONES AND MIKO N. SIMMONS

84. Plaintiff realleges every allegations in the paragraphs 1 through 84 as if fully set forth herein.

85. The defendant, Ray having collected the rent from the tenants of Roy and Mary Hightower, then secreted that rental income.

86. The defendant has converted the rental income, which he transferred to his personal or family accounts rather than utilize it to repair the property and pay Roy and Mary Hightower's bills.

87. By reason of the foregoing, the plaintiff is entitled to an order directing the defendants Ray and Miko to pay plaintiff $150,000.00 as damages.

## AS AND FOR FOURTH CAUSE OF ACTION AGAINST RAY ALFRED JONES AND MIKO N. SIMMONS

88. The plaintiff realleges every allegations in the paragraphs 1 through 87 as if fully set forth herein.

89. The defendant Ray wired and/or transferred the funds from Mary Hightower's retirement account with Merrill Edge to his account and/or to the account he owned jointly with Roy Hightower.

90. The defendant proceeded to utilize the funds for his own or family benefits.

91. The defendant Ray also withdrew, transferred the funds from Mary Hightower's checking and savings account with Citi NA to his account or the account he jointly owned with Roy Hightower.

92. Ray, then proceeded to utilize the funds for his own or family benefits.

93. Plaintiff is the absolute and unqualified owner of the said funds.

94. Plaintiff is entitled to immediate possession of the funds.

95. The defendant Ray and his wife, Miko has converted the sums of money he wired, withdrew and/or transferred from Mary Hightower's retirement account with Merrill Edge and from the checking and savings account with Citi NA into his own or his family's benefit and use.

96. As a result of the defendants conduct, plaintiff has been damaged to the extent that the defendants has asserted dominion over and converted to their own use and benefit monies that are the property of the plaintiff

97. By reason of the foregoing, the plaintiff is entitled to an order directing defendants Ray and Miko to pay plaintiff $500,000.00

### AS AND FOR FIFTH CAUSE OF ACTION AGAINST RAY ALFRED JONES AND MIKO N. SIMMONS

98. Plaintiff realleges every allegations in the paragraphs 1 through 97 as if fully set forth herein.

99. That unless defendants Ray and Miko are restrained and enjoined from selling, transferring, conveying and disposing of their real and personal properties including the real property located at 1142 Dean Street, Brooklyn, New York, and 631 Macon Street, Brooklyn, New York, plaintiff will suffer grave and irreparable injury.

11

100.     Upon information and belief the defendants are attempting to sell 1142 Dean
         Street, Brooklyn, New York amongst other personal and real properties.

101.     Furthermore, the defendant Ray is currently standing trial in Criminal Court,
         Kings County for grand larceny.

102.     Unless the defendants, their agents, servants, representatives, assigns and
         administrators are restrained and enjoined from selling, transferring, conveying and
         disposing of their real and personal properties including but not limited to 1142 Dean
         Street, Brooklyn, New York and 631 Macon Street, Brooklyn, New York, the plaintiff
         would not be able to recover the judgment herein.

## AS AND FOR SIXTH  CAUSE OF ACTION AGAINST RAY  ALFRED JONES AND MIKO N. SIMMONS FOR PUNITIVE DAMAGES

103.     The plaintiff realleges every allegations in the paragraphs 1 through 102 above as
         if fully set forth at  length.

104.     The taking and conversion of plaintiff's monies, by Ray was done willfully and
         maliciously, with a reckless disregard for plaintiff's rights.

105.     The unlawful acts of Ray was intended and in fact benefited the defendant Miko.

106.     Miko knew or ought to have known about Ray's unlawful conducts.

107.     Defendants Ray and Miko acted with malice, fraud, gross negligence and/or
         oppression which were not a product of mistake of fact or law, honest error or judgment,
         over zealousness, mere negligence or other human failings.

108.     Defendants Ray and Miko's actions are so outrageous in character, and so
         extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as
         atrocious, and utterly intolerable in a civilized community.

109.    The defendants took advantage of two elderly, frail and sick clients and/or neighbors and ripped them off.

110.    An award of punitive damages is necessary to punish defendants and to deter others from the same or similar conduct.

111.    The public interest would be served by the deterrent effect of award of punitive damages against these defendants.

### AS AND FOR CAUSE OF ACTION AGAINST CITIBANK N.A.

112.    Plaintiff realleges every allegations in the paragraphs 1 through 111 as if fully set forth herein.

113.    Mary Hightower had a combined checking and savings account with Citi NA.

114.    Citi NA has a policy and/or guideline that limits every customer to daily ATM withdrawals of $1000.00.

115.    Citi NA enabled, aided, abetted and/or permitted thieves and other unknown individuals/entities to withdraw large sums of money in excess of the foregoing limits from Mary Hightower's bank account with Citi NA.

116.    For instance on October 23, 2010 the sum of $1000.00 was withdrawn from Mary Hightower's said account with Citi NA.

117.    On the same day eight additional ATM withdrawals were made on the account for the total sum of $1,612.00. The combined withdrawals on that day was $2,612.00

118.    The withdrawals were made at the same ATM machine and between 2-7 a.m.

119.    These withdrawals were not made nor authorized by Mary Hightower.

120.    Furthermore, on October 31, 2010 eight withdrawals were made on Mary Hightower's account with Citi NA for the total sum of $1612.00

121.    These withdrawals were also made at the same location between 7:03-7:23 p.m.

122.    These are but few instances of several withdrawals made on Mary's account with Citi NA in excess of daily limit that Citi NA allowed each customer.

123.    Mary Hightower did not make nor authorize these withdrawals.

124.    The manager as well as other employees of the Citi NA branch where Mary Hightower maintained her account were aware of the physical and health conditions of Mary at the time the withdrawals were made.

125.    They knew or ought to have known that Mary Hightower did not make nor authorize withdrawals several times a day especially the early morning hours.

126.    These patterns of ATM withdrawals made from the Mary Hightower's account should have triggered an alarm to the defendant Citi NA.

127.    The frequency, amount, times as well as the locations of the withdrawals ought to have put the defendant Citi NA on notice that Mary Hightower was not making nor authorizing the withdrawals.

128.    The defendant Citi NA should have put a freeze on the account to ascertain whether the withdrawals were being made or authorized by the account holder.

129.    The defendant Citi NA failed and/or neglected to put a freeze on the account.

130.    Citi NA has a duty of care to preserve Mary's funds in its custody and care.

131.    Citi NA had a duty to ensure that thieves and other unknown individuals did not steal Mary Hightower's funds.

132.    But for acts of Citi NA thieves and other unknown individuals would not have stolen large sums of Mary Hightower's funds in her account using her lost and/or stolen ATM card.

14

133.    That Mary Hightower's health conditions at that time impaired her ability to report the theft of her ATM card and the consequent stealing of her funds from the account.

134.    By reason of the foregoing, the plaintiff has been damaged in the sum of $150,000.00.

**WHEREFORE**, Plaintiff demands judgment:

(a) On the first cause of action against Ray Alfred Jones and Miko N. Simmons, $150,000.00;

(b) On the second cause of action against Ray and Miko, an order directing them to produce an accounting of all accounts, income and expenditures for 1140 Dean Street, Brooklyn, New York 11216 from November 2010 till date;

(c) On the third cause of action against Ray and Miko, $150,000.00;

(d) On the fourth cause of action against Ray and Miko, $500,000.00;

(e) On the fifth cause of action, enjoining and restraining the defendants, Ray and Miko, their agents, representatives, assigns and administrators, permanently and temporarily during the pendency of this action from selling, transferring, conveying and/or disposing of their real and personal property that would be used to satisfy the judgment herein especially their real property located at 1142 Dean Street, Brooklyn, New York and 631 Macon Street, Brooklyn, New York;

(f) On the sixth cause of action, punitive damages for the willful and malicious acts of the defendants, Ray Alfred Jones and Miko N. Simmons;

133.    That Mary Hightower's health conditions at that time impaired her ability to report the theft of her ATM card and the consequent stealing of her funds from the account.

134.    By reason of the foregoing, the plaintiff has been damaged in the sum of $150,000.00.

WHEREFORE, Plaintiff demands judgment:

(a) On the first cause of action against Ray Alfred Jones and Miko N. Simmons, $150,000.00;

(b) On the second cause of action against Ray and Miko, an order directing them to produce an accounting of all accounts, income and expenditures for 1140 Dean Street, Brooklyn, New York 11216 from November 2010 till date;

(c) On the third cause of action against Ray and Miko, $150,000.00;

(d) On the fourth cause of action against Ray and Miko, $500,000.00;

(e) On the fifth cause of action, enjoining and restraining the defendants, Ray and Miko, their agents, representatives, assigns and administrators, permanently and temporarily during the pendency of this action from selling, transferring, conveying and/or disposing of their real and personal property that would be used to satisfy the judgment herein especially their real property located at 1142 Dean Street, Brooklyn, New York and 631 Macon Street, Brooklyn, New York;

(f) On the sixth cause of action, punitive damages for the willful and malicious acts of the defendants, Ray Alfred Jones and Miko N. Simmons;

(g) On the seventh cause of action for $150,000.00 against the defendants,

   Citibank and Citibank, N.A.

(h) An award to the plaintiff of attorney's fees;

(i) An award to plaintiff of all costs and disbursements incurred in this matter

(j) Such other, further, and different relief as the court deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated:      June 4, 2012
            Brooklyn, New York

                              Yours, etc.

                              O. BENJAMIN OKEKE, ESQ.
                              Attorney for the Plaintiff
                              3312 Church Avenue, 3rd Floor
                              Brooklyn, New York 11203
                              (718) 940-3855-phone
                              (718) 940-3862-fax